[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant objects to the plaintiff's contempt motion, which motion seeks to enforce a provision of the parties' dissolution judgment transferring to the plaintiff one-half of the defendant's "Thrift Savings Plan" as a distribution of the defendant's retirement and pension benefits. He claims that this obligation was a "debt" arising out of a property settlement and was discharged by the Bankruptcy Court on September 10, 1996.
Whether or not the right of a bankruptcy debtor's ex-spouse to a portion of his pension plan benefits, awarded pursuant to a divorce decree, constitutes a "debt" owed by the debtor and dischargeable in bankruptcy has been the subject of litigation recently, although I am not aware of any Connecticut decisions on the question. According to the recent decision in Hollandv. Knoll, CV No. 94-40100, U.S. District Court, District of Massachusetts, "(a) vast majority of courts have followed the CT Page 1815 line of cases holding that an interest in a spouse's pension awarded prepetition is not a dischargeable debt". Id., 6, n. 1. Rather, these courts have held that the ex-spouse enjoys an ownership interest in that portion of the pension transferred to her at the time of the dissolution, which interest is unaffected by a subsequent bankruptcy. That view comports with the Supreme Court's approach to the allocation of pension benefits in this state. See Krafick v. Krafick, 234 Conn. 783 (1995).
That the issue of dischargeability vel non of obligations imposed as part of a dissolution judgment is properly before me in an enforcement proceeding is not open to serious question since Lewis v. Lewis, 35 Conn. App. 622, 625-27 (1994). I find that the transfer of one-half of the defendant's vested pension benefit in his "Thrift Savings Plan" is unaffected by his subsequent bankruptcy, that he continues to have an obligation to effect that transfer in accordance with the judgment, and that his objection to the plaintiff's contempt motion ought to be and is overruled.
SHORTALL, J.